**JIN XING SHAO, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2705–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

Michael Brown, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Kathleeen M. Salyer, Carol Herman, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Jin Xing Shao, a native and citizen of China, seeks review of the May 16, 2006 order of the BIA affirming the December 14, 2004 decision of Immigration Judge ("IJ") Paul DeFonzo denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Xing Shao,* No. A75 984 535 (B.I.A. May 16, 2006), *aff'g* No. A75 984 535 (Immig. Ct. N.Y. City Dec. 14, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). This Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). In contrast, this Court reviews the agency's factual findings under the sub-

stantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could 1 be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Shao challenges the BIA's affirmance of the IJ's adverse credibility finding and asserts that he has met his burden of proof as to the relief requested. Our review of the record leads us to conclude that the agency's decision was supported by substantial evidence. Although some of the inconsistencies and omissions in the record seem minor when regarded in isolation, when viewed in the aggregate, the IJ's adverse credibility finding is justified. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Moreover, the existence of "substantial" discrepancies—such as the discrepancies between Shao's testimony at his 1998 and 2004 individual hearings regarding his wife's forced IUD operation, and Shao's confusing explanation of whether and how he could have been issued an identification card while in hiding to avoid sterilization—are proper grounds for the agency's adverse credibility finding. *Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 308 (2d Cir.2003). The forced IUD operation and Shao's hiding are "important episode[s] in a narrative of continuing perse-

cution," *Li Hua Lin v. U.S. Dept. of Justice,* 453 F.3d 99, 110 (2d Cir.2006), which bear a "legitimate nexus" to the primary grounds of his claim. *Secaida–Rosales,* 331 F.3d at 307. The IJ gave Shao opportunities to reconcile his testimony, *see Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006), but nothing in the record would "compel" this Court to overturn the IJ's findings on these points. *Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Furthermore, even if some of the IJ's findings were erroneous—such as his failure to note that the discrepancy regarding the date of the second pregnancy had been resolved—remand is not required when, as here, substantial evidence supports the IJ's other findings regarding Shao's credibility. *See Xiao Ji Chen,* 434 F.3d at 161.

Relative to the documentary evidence Shao submitted, while the IJ noted the State Department report's warning regarding the prevalence of fraudulent documents form Fujian Province, he did not state that he believed that all of the documents were fraudulent for that reason alone, but rather made reference to the "problematic nature" of Shao's particular documents. *Cf. Rui Ying Lin v. Gonzales,* 445 F.3d 127, 134 (2d Cir.2006). Moreover, although the IJ's decision does not note all of the pieces of evidence Shao submitted, the IJ is entitled to a presumption that he has considered them, and the question of the weight afforded to each piece of evidence is a discretionary decision by the IJ that will not be disturbed "unless the record compellingly suggests" that the IJ committed error in his findings. *Xiao Ji Chen,* 434 F.3d at 159–60. Nothing in the record would compel this Court to overturn the IJ's conclusions. Furthermore, it can be "confidently predicted" that the agency's finding would not change on remand given the strength of the IJ's other findings. *Id.*

Because Shao failed to establish past persecution due to his lack of credible testimony, he was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, the IJ reasonably rejected the document demanding that either Shao or his wife report for sterilization. As Shao did not provide credible evidence that he has resisted family planning policies in China, he failed to show a subjective basis for a well-founded fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Moreover, the IJ and BIA did not err by failing to address the objective likelihood of persecution based on Shao's departure from China as he did not meaningfully raise that claim before the IJ.

As Shao has failed to meet his burden of proof for asylum and as his withholding claim is premised on the same facts, he has also failed to meet the higher burden of proof required for withholding. *See* 8 U.S.C. § 1231(b)(3)(A); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). 1 Furthermore, substantial evidence supports the finding that Shao failed to demonstrate that someone in his "particular alleged circumstances" is more likely than not to be tortured, therefore his CAT claim was also properly denied. *See Mu Xiang Lin v. United States Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005).

Finally, as we find no evidence to support Shao's contention that the BIA's decision did not afford him a "full and fair opportunity to present [his] claims" in violation of his due process rights, we decline to address this issue further. *Li Hua Lin*, 453 F.3d at 104.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).